Good morning, or rather, good afternoon, Your Honors. May it please the Court, my name is Ken Sprinkel. I represent the defendant and appellant, Petrochem Insulation, Inc., which is a wholly owned subsidiary of Arctic Slope Regional Corporation. May I please request two minutes to reserve for my rebuttal? Yes. Thank you, Your Honor. This case presents a very discreet and narrow issue for the court, and that's whether the district court here made an error in holding the California state law that requires the provision of meal and rest breaks should be adopted as surrogate federal law on the Outer Continental Shelf, or the OCS, which is governed by the exclusive federal jurisdiction as set forth in the Outer Continental Shelf Lands Act, or the OCSLA. There are three key points that bear on this appeal. First, the exclusivity and primacy of federal law on the OCS. State law is only to play a limited and supporting role on the OCS. Second, federal law does specifically address meal and rest breaks. So under the Parker drilling standard that the U.S. Supreme Court handed down in 2019, there's no need to reach the second issue as to whether state law is inconsistent because it is addressed under federal law, and third, there is no gap to fill in federal law for California law to play a role in this case. And the district court here inverted the Parker drilling standard in so holding otherwise. As to the first issue of federal laws, primacy and supremacy on the OCS, the Supreme Court confirmed that federal law is exclusive in terms of regulating the OCS and the only law- Counsel, the Supreme Court has always been consistent about that. All law on the shelf is federal, right? I don't think anybody's going to contest that. And so what we had in Parker drilling, we were looking at, we started with the Fair Labor Standards Act and the tricky question was that that had a savings clause, right? So the state law, which is of course more generous, wasn't inconsistent. That was the whole deal. If I could, I mean, I'm summarizing it, but we started with the federal law and there, because of the savings clause, there wasn't an inconsistency. And we applied the language of the statute and we got to where we got, which was a circuit split with the fifth circuit and the Supreme Court has resolved that for us, right? So I'm wondering if, if you could respond, and I'm hoping both lawyers will, but just seems to me that the problem, after I thought we had a clear answer and now district courts are coming out of different places, it seems to me that the starting place is critical. And in this particular case, you know, it's kind of a tricky analysis for sure, but it seems to me that this district court judge started with state law, right, which is more generous. And then from their gauge, whether there was a gap vis-a-vis federal law. And I just wonder if that isn't the fundamental problem we've got. That's correct. And that is the fundamental problem here. This is the only district court to come out this way on this particular issue. And the way that the Parker drilling standard clarified the circuit split is to state that the first question should be whether federal law addresses the issue, the related language to this standard is whether there's a significant gap or void in federal law. So your honor is correct. The district judge here started looking at state law to see what might be offered up as a potential filler to any gap instead of ending the inquiry with the starting point as to whether there's a federal gap at all. And I think the best illustration in this instance is that the OCS isn't just adjacent to California. Obviously there are many other states with offshore oil drilling rigs like this and in every other OCS circumstance and location that doesn't have California offshore, the FLSA is sufficient. There's no federal gap in federal laws addressing of the question of meal and rest breaks. One of the concepts that the Parker drilling case talks about is that the court should adopt the most detailed legal framework to govern life on the OCS. So the test was never intended to be whether the court should adopt the most detailed legal framework that any state might offer up. It's just whether federal law on its own is sufficient. So there are some in this particular case, what we have now, there's some provisions where opposing counsel is going to argue, as you know, that the federal law really doesn't guarantee a meal break or a rest break or, you know, it's correct to say that if you don't provide it, if the employer doesn't provide it, then they have to pay for it, included as hours work. Do you want to speak to that? Why is that a sufficient treatment? Certainly. Well, I think the broader analysis is that federal law does address meal and rest breaks and it's correct that federal law doesn't mandate that they be provided, nor does it prohibit that they be provided. But that's where Parker drilling diverted from the preemption standard that was rejected. It wasn't whether the two standards were incompatible. So the inconsistency between the requirements of California state law and federal law, which undisputably does not mandate the provision of meal and rest breaks should end the inquiry. The fact that the district court here was concerned that the specific federal regulations talking about meal and rest breaks fell under the heading of hours worked is inconsequential. The Supreme court also said in Parker drilling in footnote two, that even if state law and federal law address the same issue in a different way, federal law still is the primary and the only source of law. And to the court's earlier point, it shouldn't be that state law is looked at to see what gap might be filled with state law. The question should only be whether federal law is sufficient to govern life on the OCS. And it would be a nonsensical outcome for federal law to be sufficient to in every other OCS adjacent state location, with the exception of California, because it inverted the analysis and looked first to what state law might offer up. So, so how, how specific, or I guess how general does the federal law have to be to preclude state law? It seems to me, based on what you're arguing and based on your reading of Parker drilling, that any federal law that even obliquely addresses the issue at hand means that the state law will naturally be precluded. Is that your position? May I tag onto that? Just, I agree completely with Judge McGee's question. And my sort of supplement to that, when you answer is, if we didn't have these Yes, it would be the same. And it's a fair question that there, there are going to be cases that are a close call as to whether or not there is a significant void or gap in federal law. But broadly speaking, unlike other potential disputes or controversies, federal law provides a comprehensive statutory scheme in the form of the FLSA to govern the working relationship, working conditions, wages, and hours of employers and employees. And so the existence of a comprehensive federal statutory scheme to govern life with respect to wage and hour issues does, in my view, mean that state law doesn't need to be adopted. But this case presents a much easier and much cleaner question for resolution under Parker drilling, which is that the FLSA does address meal and rest breaks. So there's no need to opine further or create any new rule on how big or how big of a gap is there. There's no gap at all here because federal law does speak to the issue. Well, couldn't a reasonable argument, there'll be made that at least in Mr. Maui's claim here that there is a significant gap in federal law. It seems that the California law governs when and where meal and rest breaks must be given, while the federal law here appears to discuss the payment of hours worked that somehow, I guess, tangentially would somehow encompass the meal and rest periods that that's, that's enough. I don't, I don't agree with the characterization, your honor. And it's the federal law does speak to where meal breaks are provided. And plaintiffs concede in their appellate papers that if their theory, their unique individual theory here, which their earlier versions of the complaint alleged was that Mr. Maui was not permitted to leave the premises during his meal break that federal law would govern because federal law does address the issue. Meal breaks that are provided. If employers choose to provide them, don't have to allow the employee to leave the premises. That's directly inconsistent with California law, which holds that employees have to be free entirely, including leaving the premises during meal breaks. So I believe that federal law addresses the exact issues. And if plaintiff in the district courts analysis was, was applied, then every time there was any kind of claim on the OCS district courts would be looking with a magnifying glass at which elements of state law and which particular theories of liability were applied. And then sometimes federal law would govern because it directly addressed it and sometimes not. So does there need to be a gap or significant gap? I think that the answer is there needs to be a significant gap. And that in Parker drilling, the Supreme court indicated it accords with the fifth circuit precedent. And again, the DC circuit held last year in the Taylor case that significant void or gap is the correct standard. Again, in this case, it's an easier call because there is no gap. The issues are addressed, but I think a significant gap is correct. And the Parker drilling case talks about a couple of examples in their Rodriguez case from 1969. They found a gap where there was a wrongful death on the OCS and because Congress chose to treat the OCS essentially as a federal Island, the death on the high seas act and other maritime and admiralty laws that might otherwise address a wrongful death injury could not apply as a matter of law. So that was a significant void or gap. There was no body of law addressing the subject matter. And in that circumstance, the adoption of state law had to apply here. It's the complete opposite. There is a very well-developed, very comprehensive body of federal law addressing wage and hour and conditions of working, including meal and rest breaks. And so the district court erred in terms of adopting California law onto the OCS. I see that my time is up. Yeah. Um, thank you. Um, I'll give you, I'll give you, uh, some time for rebuttal. Thank you. Mr. Strauss. Good morning. This is Michael Strauss representing plaintiff Ayafera Mawida. May it please the court. Our position is that the Supreme court in Parker Drilling gave courts a clear roadmap for how to determine whether a state law can be adopted as surrogate federal law on the OCS. According to the Supreme court, the question is whether federal law has already addressed the relevant issue. And if so, state law addressing the same issue would necessarily be inconsistent with existing federal law and cannot be adopted as surrogate federal law. The problem here is that the defendant has not identified any federal standard that addresses the same issue as those raised by plaintiff Mawida's complaint. So I think that in response to Judge Christen's concern about whether you look for state law or federal law, the Supreme court didn't say which one you would look for. Well, I think I might beg to differ. There's a very, wouldn't you agree that there's a very clear statement of law that all law on the shelf is federal? I agree that there's a very clear statement of law that all law is federal. Right. And we know that when they started down this road, there was this notion there were going to be platforms, there were going to be cities out there. There were going to be all kinds of needs where we might need to borrow state law because federal law didn't cover things like, I mean, you've read the legislative history. It doesn't cover, you know, divorce. Right. It doesn't cover probate. They talked about that at the time. Right. So the problem here is, of course, nothing like that. We've, we're now down to, we don't have huge cities. We have people working out on platforms and we're looking at a very clear. I mean, I do think your argument, you know, when we were talking about wage and the minimum wage rather, and the savings clause, it makes it a much tougher argument because, because of the savings clause, it's very tough to say that the state more generous minimum wage was inconsistent, but at this point, you know, we have a decision from the United States Supreme Court resolving that circuit split, right? So I just, what's your best shot that, that it is correct to start by looking at the state provision, sir, rather than looking at the federal provision. I'm not sure it matters. The question is whether federal law address the same issue as, as the state law, and here there is no federal law that addresses the same issue. So if you take the position that you have to look at federal law, you're going to have a hard time finding. And especially my friend on the other side's argument that there's a comprehensive body of law and therefore there's no need to fill it with any kind of state law there is. You're going to be splitting hair to find any law that is going to apply out there. Obviously there, we have examples in the case laws and injury laws apply, but interestingly, there are worker, there's a federal worker comp standard, a long term act, and state worker comp laws do apply on the platforms and have for, for dozens or decades. And so there are state injury laws that will apply on the platform. See, I think the problem here is that there is no, well, the problem for the other side is that there is no federal meal period law. There is no federal rest period law. And I think what they're trying to say is that the purposeful omission of having a state or a meal or rest period law is itself a form of regulation. And that's just ridiculous because if you go down that path also, you, you there are gaps in the federal law. And what they're saying is that if there's, even if there's a gap, you can't apply any kind of state law. So I think that- Well, if you could just, I, I probably unfairly paraphrased the federal law, but, but I paraphrased it speaking to opposing counsel by saying, you know, that the federal law doesn't require a meal break, rest break, just as an example, but states that if, if those are not provided, then, then that time has to be paid for, has to be compensated in, in the employee's wages and then for purposes of calculating overtime, if overtime becomes an issue. So, so why is that not sufficient? The reason it's not sufficient is because those regulations that you're discussing with regards to meal and rest periods, those regulations are only relevant to the issue of what constitutes working time when it comes to calculating minimum wage or overtime protection. So there's nothing in the federal code that says that you have to give a rest break or meal period. There's nothing in the federal code that says how long the rest period meal break has to be. There's nothing in the federal code that says that a meal or rest period has to be given before the sixth hour of work. So there are some, I don't want to use the word, but there are gaps in the federal law that the state law can supplement. And I think an interesting example of, of, of why we can apply certain parts of the circuit's case in the Bartolomeu case, where the question was whether you apply the state prejudgment interest law or the federal prejudgment interest law. And if you do apply the state prejudgment interest law, you use the, the, the state pre-judgment interest rate or the federal pre-judgment interest rate. And the court held that, that you can use the state standard for prejudgment interest, because there is no federal standard for pre-judgment interest. But even though you apply the, the, the state pre-judgment interest law, you're going to use the federal pre-judgment or the federal judgment rate. And so there, there was a gap in the law. They imported the state law and then they, they incorporated it into federal law in such a way that the two could be applied together in harmony. And so here you have a, you may have a federal definition of what constitutes powers of work. You don't have a definition or a requirement that an employee be given a meal period. So in the event that an employee is not given a meal period or the meal period happens before, or doesn't happen before the six hour work, then you can import the state requirement and the state penalty. Mr. Strauss, it seems like what you're, certainly in your briefing, you're, you're, you're, you're calling on us to apply a, a traditional preemption sort of approach here and that means that generally state law applies unless it's not inconsistent with federal law. But the Supreme court in Parker seems to be pretty clear that traditional preemption doesn't apply on the, in the context of the outer continental shelf land. So I guess what's your best argument to the contrary? Well, there, my argument is there is no, we're not making a preemption argument. I think whether you look at federal law first or state law first, the question is whether there's a gap in the federal law, whether federal law addresses the relevant issue and here it doesn't. And so therefore the state law is going to apply. That's, we're just applying the Parker-Durling test. Okay. Let me ask you the same thing. You know, how, how do we determine, you know, where the, where to draw the line in the gap, can you walk me through, you know, your argument on where we draw the line on what is a gap versus what's a significant gap? I can do that. Sure. First off, Parker-Durling doesn't mention that there has to be a significant gap in the federal law to apply. Parker-Durling test is very explicit. You need to determine whether federal law addresses the relevant issue and it also uses the word the same issue. So I think you have to look at it in that way. What are the same issues? Is it the same issue? Like, for example, although I think they weighed this argument because they didn't bring it up at the district court, the defendant makes the argument that the lactation accommodation law in the FLSA addresses breaks and therefore California law requiring meal periods is a type of break and therefore it is also the issues overlap, that's not true. There is a state lactation accommodation law and there's a federal lactation accommodation law. They say roughly the same thing. In a situation like that, we have two statutes that address the same issue. The federal law is always going to apply and the state law is not. Whereas here, where you don't have the same issue that's being addressed, the federal law is always going to apply. And also, I'd like to point out that the Supreme Court had the opportunity at the beginning to say that the FLSA is a comprehensive bodily body of law. It sufficiently regulates all aspects of wage and hour and therefore, as a result, any California wage and hour law isn't going to apply. But that's not what the court did. The court actually looked claim by claim and said, OK, is there a California, the plaintiff is attempting to find that hours work, that he needs to be compensated for all hours work on the platform. But unfortunately, there's a federal law that says that you have to remain on the premises, doesn't mean you have to get paid the entire time you're there. Therefore, that particular claim can't apply. And the court also looked at the minimum wage and said, is there a federal minimum wage? Yes, there's a federal minimum wage, therefore no state minimum wage law can apply. Here, if you make that same analysis, is there a federal military law? No, there's not. Is there a federal law requiring that military be given? No, there's not. There's a California standard. It can be applied. And with that, if the court has any other questions, I'd be happy to answer them. Judge Kristen, do you have any? No, thank you. Thank you, counsel. Judge Lynn? No. All right. Thank you, Mr. Mr. Sprinkle. Thank you, Your Honors. A few points in rebuttal. First of all, Parker Drilling absolutely adopts the significant void or gap standard. It calls out the district court's application of Fifth Circuit precedent citing to Continental Oil about it needing to only apply state law when it's necessary to fill a significant gap. And then the Supreme Court later says that their decision accords with the standard applied by the Fifth Circuit and cites to Continental Oil. So there's no question that the significant gap applies. Later in the Parker Drilling decision, they also talk about cases where they use the word substantial void or substantial gap. But it does apply and it has to because the whole thrust of Parker Drilling was to make clear that state law should be extremely sparing and limited in the role that it plays. And so counsel's argument is essentially the preemption argument, as the district court here erroneously talked about a direct counterpart. If the test is permitted to look at state law and see how much more detailed a statutory scheme a state might provide, then the OCS would just be a hodgepodge of state and federal law. And that was never the intent. And the Supreme Court made that very clear that if there was sufficiently detailed legal framework to govern life on the OCS, that then there was no need to look to state and federal law. And the reason that that's not addressed at all in the briefing or in argument is that it's it's uncontested that in all of the other OCS locations that are adjacent to states other than California, the FLSA is clearly sufficient to govern life on the OCS. The FLSA also happens to be sufficient to govern life in those states because those states do not have any of their own meal and rest break laws. But under plaintiff's analysis, any time a state decides to enact more detailed legislation on any topic, then the courts would be engaging in this painstaking view of looking for a direct counterpart, seeing if the state and the federal schemes mirror one another on a one to one comparison. And any time that the states have decided to enact more detailed legislation and rules, then the analysis would violate Parker drilling. If the courts say that the federal law hasn't addressed it as specifically or with the same detail. Also, federal law does address meal and rest breaks. There are numerous state and federal cases that have stated that the law is that meal and rest breaks need not be provided. But the law also regulates if they are provided. There are certain circumstances where they have to be provided properly so that people are paid properly in connection with that time. I just Kristen, do you have any further questions? No. And Judge Lynn? No. OK, thank you both. Mr. Sprinkle, Mr. Strauss, appreciate the oral argument presentations today. The case of Maui versus Petrochem Insulation Incorporated is submitted. And then the last case on our docket, Brian Newton versus Parker Drilling Management Services has been submitted on the briefs. So that concludes our docket for this morning. We will be adjourned. Thank you, Your Honors. Thank you.
judges: Murguia, Christen, Lynn